UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------- X
STEVEN MILAZZO,                                         :
                                                        :
                    Plaintiff,                          :
                                                        :
        -against-                                       :
                                                        :
                                                        :   Case No. 1:23-cv-05437
BANK OF NEW YORK MELLON                                 :
CORPORATION,                                            :
                                                        :
                    Defendant.                          :
------------------------------------------------------- X
```

## PROTECTIVE ORDER

**WHEREAS**, Plaintiff Steven Milazzo ("Plaintiff") and Defendant Bank of New York Mellon Corporation ("Defendant" or "BNY Mellon") (together with Plaintiff, the "Parties") possess confidential and proprietary information, which may be disclosed in responding to discovery requests, or otherwise in the above-captioned matter (the "Matter"), and which must be protected in order to preserve the Parties' legitimate interests in maintaining the confidentiality of certain information; and

**WHEREAS**, the Parties have conferred and have expressly agreed to the following terms and conditions concerning certain information of the Parties which the Parties consider to be of a confidential nature; and

**WHEREAS**, the Parties have agreed to enter into this Agreement to prevent unnecessary dissemination or disclosure of such Confidential Information.

**NOW, THEREFORE**, and in consideration of the mutual covenants and promises set forth herein, **IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff and Defendant, through their respective counsel, that:

1. Any party may designate as Confidential Material, and subject to this Protective Order, any non-publicly available document or material which is either produced during discovery proceedings in this Matter and/or generated by a party in this Matter, and which constitutes or contains Confidential material.

    (a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, or other sensitive business information (including, without limitation, financial information, internal policies, practices or procedures, and non-public information concerning present or former clients or customers of Defendant, personnel files, performance evaluations, salary and compensation information, home addresses and telephone numbers, or any extracts or summaries thereof) which would, in the good faith judgment of the Party designating the material as "CONFIDENTIAL", be detrimental to the conduct of that Party's business, its employees, or the business of any of that Party's customers or clients. A tangible object may be designated as Confidential Information and subject to this Protective Order.

    (b) "Highly Confidential - Attorney's Eyes-Only Information" shall mean any "Confidential Information" that is of such a private, sensitive, competitive or proprietary nature that present disclosure to persons other than those identified in paragraph 4(a)-(c) and (e)-(i) below would be reasonably expected to cause irreparable harm or materially impair the interests of the Producing Party. A designation of Confidential Material as Attorney's Eyes-Only Information constitutes a representation that such Confidential Information has been reviewed by an attorney for the Producing Party prior to production and that there is a good faith basis for such a designation. In the event that only a portion of a document contains Attorney's Eyes Only Information, the Producing Party shall, when feasible, redact only that portion of the document that contains the Attorney's Eyes Only Information rather than marking the entire document Attorney's Eyes Only.

2. Documents and other discovery materials, including all copies, excerpts and summaries thereof and all information contained therein or derived therefrom, may be designated as Confidential Materials as follows: (i) by marking the word "Confidential" or "Attorneys' Eyes Only" on the face of each document and each page so designated at the time it is produced

or served; (ii) in the case of Confidential Material contained in or on media other than paper, by affixing such a label to the information or by using its best efforts to identify the information as Confidential; or (iii) with respect to oral testimony or argument, in accordance with the procedures set forth in paragraphs 6 and 7 below.

3. In lieu of marking the original or original copy of a document that contains Confidential Information prior to inspection, any such documents being produced for inspection shall be regarded as Confidential Information, thereby making them subject to this Protective Order, and inspection of documents or things by either party shall be conducted only by persons eligible under paragraph 4. Copies of such documents thereafter provided shall be marked with the appropriate legend by the producing party at the time copies of the documents selected by the reviewing party are provided to the reviewing party. Production of documents and things for the purpose of inspection and copying shall not constitute a waiver in whole or in part of confidentiality, attorney-client privilege or work product immunity.

4. Confidential Material shall be held in confidence and shall not be revealed, discussed or disclosed in any manner, in any form, to any person or entity other than:

(a) the Court, as well as Court personnel in connection with any related judicial matters;

(b) counsel for any party retained in or working on the prosecution, defense or settlement of this Matter, including co-counsel and counsel employed directly by any party;

(c) employees of counsel and persons assigned to assist counsel in the prosecution, defense or settlement of this Matter;

(d) individual parties, and any director, officer or employee of any party to this Matter, to the extent deemed necessary by counsel for the prosecution, defense or settlement of this Matter;

(e) consultants, experts, and outside litigation support personnel, including document management vendors, professional jury or trial consultants, and other vendors retained by counsel for either party to the Matter (and the

    employees and agents of those consultants, experts, and outside litigation support personnel) to assist the Parties in the preparation and/or litigation of the Action, including settlement of same;

  (f) any mediator retained by the Parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation;

  (g) stenographers, court reporters and videographers only to the extent necessary to prepare records of sworn testimony in this action;

  (h) any person indicated in such document to be its originator or author or the recipient of a copy; and

  (i) potential or actual witnesses and consultants, including experts, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement of this Matter.

  5. Prior to the disclosure of any Confidential Material to Plaintiff, any employee of Defendant, or any individual entitled to review such documents and information pursuant to the provisions of the preceding paragraph 4(e) – (i), such individual shall execute the Acknowledgment And Agreement To Be Bound By Protective Order in the form attached hereto as Exhibit A (the "Acknowledgement"), and shall be advised that such documents and information constitutes Confidential Material subject to this Protective Order and must not be revealed, disclosed or discussed with third parties.

  6. Any party may designate any portion of any person's testimony or argument in this or any related proceeding (including exhibits), if any, whether or not previously designated as Confidential Material, as Confidential Material by advising the reporter and all parties of such fact on the record during the testimony or argument, or, in connection with the submission of an errata sheet upon review of the transcript in accordance with applicable procedural rules; provided, however, that a party may not so designate testimony, argument or exhibits as Confidential Material if such designation would be inconsistent with any previous conduct of such party in revealing or using such testimony, argument or exhibits in a manner that would not

be permitted for Confidential Material (which does not include Defendant's use of its own documents in the ordinary course of its business in a manner that is consistent with its efforts to maintain the confidentiality of such documents).

7. Any party may designate any portion of any person's testimony or argument (including exhibits) in any hearing in this Matter, whether or not previously designated as Confidential Material, as Confidential Material by advising the Court hearing this Matter and/or the reporter and all parties of such fact on the record during the hearing; provided, however, that a party may not so designate testimony, argument or exhibits as Confidential Material if such designation would be inconsistent with any previous conduct of such party in revealing or using such testimony, argument or exhibits in a manner that would not be permitted for Confidential Material (which does not include Defendant's use of its own documents in the ordinary course of its business in a manner that is consistent with its efforts to maintain the confidentiality of such documents).

8. For applications and motions to the Court in connection with which a Party submits Confidential Material, the party seeking to file a document must follow the governing judge's individual rules regarding filing under seal.

(a) Should a document with Confidential Material need to be filed with partial redactions, the filing party shall file on ECF a letter motion seeking leave to file the document with those redactions. The letter motion may be filed in public view, except if the information in the letter motion should itself be redacted. If the letter motion should itself be redacted, the party should so redact the letter motion and include an unredacted copy of the letter motion to the email to Chambers as provided by United Stated District Judge Failla's Rule 9. Where the motion seeks approval to redact Confidential Material that will be publicly filed, all documents containing such Material that are submitted to the Court shall be filed electronically and the filing party shall both: (i) publicly file the document with the proposed redactions, and (ii) electronically file under seal a copy of the unredacted document with the proposed redactions highlighted. Both documents are to be filed on ECF and related to the motion or application.

    At the same time, the party should e-mail to Chambers (Failla_NYSDChambers@ nysd.uscourts.gov) (i) a clean (i.e., unredacted) copy of the document; (ii) a copy of the document highlighting the information that has been redacted in the ECF filing; and (iii) an unredacted copy of the letter motion described in Rule 9(c)(i), should the party also be seeking leave to file that letter motion with redactions.

(b) Any Party seeking leave to file an unsealed or redacted document with a fully sealed exhibit attached thereto should file the main document (in accordance with the procedures in 8(a), if the Party seeks to do so with redactions) on ECF, accompanied by a single page marked "SEALED" in place of any exhibit that the Party seeks leave to file under seal, regardless of the actual length of such exhibit. The Party must simultaneously file a letter motion seeking leave to file in that manner according to the procedure described above.

(c) Any Party seeking leave to file an entire submission (with or without exhibits) under seal must file on ECF a letter motion seeking leave to file the document under seal. The motion must be filed in public view, must explain the particular reasons for seeking to file that information under seal and should not include confidential information sought to be filed under seal. Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal. The proposed sealed document must be contemporaneously filed under seal on ECF and electronically related to the motion. The summary docket text should not include confidential information sought to be filed under seal.

(d) The Parties agree that in any public filing with the Court which refers to a non-party individual by name in connection with details which are subject to confidentiality restrictions, the party filing such information shall refer only to the individual by an anonymous classification which is to be kept in a list maintained by the parties. The list shall refer to such individuals as "Employee" with a letter denotation that shall be agreed upon in writing by the parties, such as "Employee A," "Employee B," and so on. The Parties further agree that the Court is ultimately responsible for determining whether there is sufficient justification for the non-public filing of Materials designated as Confidential and should the Court rule that a particular document not be filed with redactions, it will be not be a breach of this Order for a Party to publicly file such document after the time period for seeking review, reconsideration, vacatur and/or other applicable relief in the District Court has passed.

(e) If a Party seeks review in the District Court, the Parties agree that the Material shall not be publicly filed or disseminated in any other manner that violates the terms of this Order until a final decision is reached in the District Court.

9. In the event of any dispute of any kind regarding this Protective Order or any Confidential Material, counsel for the Parties agree to meet promptly to review and attempt to resolve the dispute informally. If such meeting fails to resolve any disputes, the Parties shall promptly seek the Court's assistance. The Parties hereto consent to empowering the Court with full authority to enforce any and all provisions hereof and to order such procedures as may be required to protect the confidentiality of any confidential material that is offered and/or entered as evidence in the course of these proceedings. The burden of proof shall be on the designating party. Pending the Court's resolution of such issues, such material shall remain designated as Confidential Material.

10. Confidential Information obtained from a producing party pursuant to discovery in this Matter may be used and disclosed only for purposes of the Matter. No party or person shall make any other use of any such Confidential Information, including but not limited to use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by an Order or agreement of the producing party.

11. Nothing herein shall be construed: (a) as preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act of such party; or (b) as preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the producing party. Should a dispute arise as to any specific information or material, the party disputing the confidential designation shall have the burden of proving that such information or material is, or was, publicly known or lawfully obtained other than through discovery of the producing party.

12. Nothing herein shall be construed as an agreement or admission: (a) that any information, document, or the like designated as Confidential Information is in fact confidential or a trade secret; or (b) with respect to the competency, relevance, materiality, admissibility, privilege, or immunity of any such information, document or the like.

13. A receiving party who believes that material produced by a party should have been designated as Confidential Information may designate such information as Confidential at any time. The producing party shall not disclose or otherwise publicly file any material it has produced unless and until fourteen (14) days have elapsed since the production with no designation by the receiving party that such material should be considered Confidential.

14. A party shall not be obligated to challenge the propriety of a designation as Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party shall at any time disagree with the designation by the other party of any information as Confidential Information, then the parties will first try, in good faith, to resolve such dispute on an informal basis before presenting the dispute to the Court by motion or otherwise. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court, and the producing party shall have the burden of proving that its designation was appropriate.

15. The inadvertent or unintentional failure by a party to designate specific documents or materials as containing Confidential Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

16. This Protective Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Protective Order, if a Party or subpoenaed nonparty (the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Privileged Information"), the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture – in this or any other federal or state action – of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Privileged Information and its subject matter. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

    (a) Notification Requirements; Best Efforts of Receiving Party. A Disclosing Party must promptly notify the Party receiving the Privileged Information ("the Receiving Party"), in writing, that it has disclosed that Privileged Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must – unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (c) – promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Privileged Information. Within five business days of receipt of the notification from

> the Receiving Party, the Disclosing Party must explain as specifically as possible why the Protected Information is privileged.

(b) **Contesting Claim of Privilege or Work Product Protection.** If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must – within five business days of receipt of the notice of disclosure – move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

(c) **Stipulated Time Periods.** The Parties may stipulate to extend the time periods set forth in paragraphs (b) and (c).

(d) **Attorney's Ethical Responsibilities.** Nothing in this Stipulation overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

(e) **Burden of Proving Privilege or Work-Product Protection.** The Disclosing Party retains the burden – upon challenge pursuant to paragraph (c) – of

establishing the privileged or protected nature of the Protected Information.

(f) *In camera* Review.  Nothing in this Stipulation limits the right of any Party to petition the Court for an *in camera* review of the Privileged Information.

(g) Voluntary and Subject Matter Waiver.  This Stipulation does not preclude a Party from voluntarily waiving the attorney-client privilege or work product protection.  The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Stipulation to support a claim or defense is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.

17. This Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this Matter.  Neither the agreement of the parties, nor the designation of any information, document, or the like as Confidential Information, nor the failure to make such designation shall constitute evidence with respect to any issue in this Matter.

18. If Confidential Material in the possession of any party is responsive to any subpoena or any other form of compulsory process of the Court, or any other administrative, regulatory, self regulatory or judicial body, or if any other person or tribunal purporting to have authority seeks such information by compulsory process, the party to whom the process or inquiry is directed shall, to the extent possible, give written notice within five (5) business days of receipt of such process or inquiry to the producing party.  The party to whom the process or inquiry is directed may then produce Confidential Material in response to the process or inquiry

on the date required unless the producing party obtains a stay of, or Order quashing, the response or inquiry.  Notwithstanding the foregoing, any non-disclosure provision in this Protective Order shall not prohibit or restrict any party (or its attorneys) from responding to any inquiry by the Securities and Exchange Commission, FINRA or any other regulatory or self-regulatory organization, or require the party to whom such inquiry is directed to first provide notice to the producing party prior to responding to such an inquiry; provided, however, the party to whom such inquiry is directed shall, if allowed by the inquiring authority, promptly provide notice to the producing party of such inquiry.

19. The terms of this Protective Order shall be applicable to any additional party to this Matter or third party who produces information designated by such party as Confidential Information.

20. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the producing party consents in writing to such disclosure, or if the Court orders such disclosure.

21. This Agreement will not limit any Party's ability or right to obtain or seek to obtain information (documents, computer data, compilations, etc.) that has been designated as Confidential Information pursuant to this Agreement in the course of any litigation if that information is otherwise discoverable under applicable law.

22. Upon final termination of this Matter, a party producing Confidential Material may request the return or destruction of all such material and of other documents containing information or data from the Confidential Material, and all copies thereof made by or on behalf of the receiving parties, and the receiving parties shall comply with such request within thirty (30) days, unless otherwise ordered by the Court. However, counsel is entitled to retain any

confidential documents or information necessary to maintain a proper client file as required by their professional responsibility requirements or governing law, provided counsel notifies opposing counsel which documents or information it claims it needs to retain so that opposing counsel can challenge the necessity to retain such documents or information. Any documents or information retained pursuant to this provision will remain covered by Paragraph 10 of this Agreement.

23. Producing or receiving Confidential Material or otherwise complying with the terms of this Agreement shall not:

(a) Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery;

(b) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Agreement;

(c) Prejudice in any way the rights of any party to seek a determination by the Court whether any information, documents or material, designated as Confidential Material should be so designated and subject to the terms of this Agreement;

(d) Prejudice in any way the rights of any party to petition the Court for a protective order relating to any purportedly Confidential Material;

(e) Prevent any party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Material, except that any such agreement must be in a writing exchanged between counsel for the parties.

| | |
|---|---|
| PARKER POHL LLP | MORGAN, LEWIS & BOCKIUS LLP |
| By: _____<br>M. Todd Parker<br>Parker Pohl LLP<br>99 Park Avenue<br>Suite 510<br>New York, NY 10016<br>212-202-8886<br>todd.parker@parkerpohl.com<br><br>*Attorneys for Plaintiff*<br><br>Dated: February 1, 2024 | By: _____<br>David A. McManus<br>Ashley J. Hale<br>Elisa C. Egonu<br>david.mcmanus@morganlewis.com<br>ashley.hale@morganlewis.com<br>elisa.egonu@morganlewis.com<br>101 Park Avenue<br>New York, NY  10178-0060<br>+1.212.309.6000<br>+1.212.309.6001<br><br>*Attorneys for Defendant*<br><br>Dated: February 1, 2024 |

```
This confidentiality agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The
Court will retain jurisdiction over the terms and conditions of this
agreement only for the pendency of this litigation.  Any party wishing
to make redacted or sealed submissions shall comply with Rule 9 of
this Court's Individual Rules of Civil Procedure.

Dated:     February 2, 2024                SO ORDERED.
           New York, New York


                                           _____
                                           HON. KATHERINE POLK FAILLA
                                           UNITED STATES DISTRICT JUDGE
```

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- X
STEVEN MILAZZO,                                         :
                                                        :
        Plaintiff,                                     :
                                                        :
  -against-                                            :
                                                        :
                                                        :   Case No. 1:23-cv-05437
BANK OF NEW YORK MELLON                                 :
CORPORATION,                                            :
                                                        :
        Defendant.                                     X

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

    I, _____, hereby acknowledge that I have read the Protective Order ("Agreement") between Plaintiff Steven Milazzo ("Plaintiff") and Defendant Bank of New York Mellon Corporation ("Defendant" or "BNY Mellon"), in the above-captioned matter.  I understand the responsibilities and obligations the Agreement imposes on persons viewing the material encompassed by the Agreement, and I agree to be bound by all of the provisions of the Agreement, so as to enable me to view the material encompassed by the Agreement.

    I understand that any violation of the Agreement by me or anyone acting under my direction may subject me to liability for breach of the Agreement and/or other relief sought by a party to this matter.  I hereby consent to the personal and subject matter jurisdiction over me by a Court in the State of New York for purposes of enforcing my agreement here.

Date: _____

_____
Signature

_____
Name (Printed)