# Morgan Lewis

**Christopher A. Parlo**
Partner
+1.212.309.6062
chris.parlo@morganlewis.com

February 3, 2025

**VIA CM/ECF**

Hon. Arun Subramanian, U.S.D.J.
United States District Court – Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> Re: ***Milazzo v. Bank of New York Mellon Corp.***
> **Case No. 23-cv-5437**

*The requests are GRANTED. The parties shall file the cited pages of the deposition transcripts with appropriate redactions on the docket and shall email the Court a link to the full transcripts.*

*The Clerk of Court is directed to terminate the motion at Dkt. 124.*

*SO ORDERED.*

*Arun Subramanian, U.S.D.J.*
*Dated: February 4, 2025*

Dear Judge Subramanian:

We represent Defendant Bank of New York Mellon Corporation ("Defendant" or "BNY") in the above-referenced action. We write pursuant to Rules 11.B. and 11.C. of Your Honor's Individual Practices in Civil Cases (the "Individual Practices"), with the consent or other position of the Plaintiff as noted below, to (1) request permission to refer to certain additional non-party individuals by anonymous "Employee" designations pursuant to the Parties' Protective Order; (2) request leave to file, under seal, the documents listed below (hereinafter, the "Documents") in support of Defendant's Motion for Summary Judgment, which was filed today, February 3, 2025;[1] and (3) inform the Court that the filing of full deposition transcripts with their required confidential redactions would be unduly burdensome and to seek an alternative process for providing the Court with the cited (and any other) testimony.

First, the Parties have conferred and agreed, in accordance with Section 8(d) of the Parties' Protective Order (Dkt. 30), to refer to certain non-party individuals by anonymous classifications when filing their initial moving papers today. Your Honor previously approved (at Dkt. 101) the anonymous classifications of individuals denoted Employee A – D. BNY now seeks permission to redact the names of seven additional non-party individuals

---

[1] In accordance with the Individual Practices, Defendant is simultaneously filing—with this letter—a copy of the Documents it seeks to have the Court place under seal and/or allow to be redacted.

Hon. Arun Subramanian, U.S.D.J.
February 3, 2025
Page **2**

to be denoted "Employees E – K" in its and Plaintiff's respective filings for summary judgment.[2] Plaintiff will also be using those designations in the papers he is filing today, but reserves the right to argue that one or more of the designations should be removed and have the person(s) identified by name. If the Court permits these anonymous designations the Parties will jointly provide the Court with a "key" of the names of these individuals for the Court's *in-camera* use.

Second, in accordance with the Individual Practices, the Parties have conferred and Plaintiff's counsel has consented (if the Court approves) to BNY's filing of the following documents under seal:

- Plaintiff's performance reviews from 2016 through 2019;
- Text messages produced by Defendant at BNYM 001123 – 1182;
- Employee Relations interview notes from nine separate privileged interviews;
- A non-party's Form U5; and
- Disciplinary action forms from three non-party individuals.[3]

The documents should be filed under seal as they contain private and confidential information about the applicable employees, including non-party individuals, notes from a privileged human resources investigation, and the lewd and derogatory (towards women) text messages that involve several individuals who participated in the text chains but who are not parties to this action.

Finally, pursuant to Individual Practices Rule 8.I.v, we write to inform the Court that it would be unduly burdensome for the Parties to supply the Court with publicly filed full deposition transcripts as there are nine deposition transcripts being cited, some of which are several hundred pages long, but from which only a handful of pages are being cited. Submission of the transcripts on the public docket would require a significant number of redactions throughout the thousands of pages of transcript to protect confidential information. In lieu of publicly filing these deposition transcripts in full, the Parties have agreed (subject to the Court's approval) to file only the cited pages of the transcripts with appropriate redactions, as noted above, and are able to email the Court a link to, or supply the Court with a disk of, all the full deposition transcripts, unredacted, in full form, at the Court's request, to be used by the Court *in camera*. Plaintiff agrees with the foregoing

---

[2] BNY specifically will be referring to these individuals in its Memorandum of Law in Support of its Motion for Summary Judgment ("MOL"), its Local Rule 56.1 Statement of Undisputed Material Facts in Support of its Motion for Summary Judgement ("56.1"), and in the Declaration of Ashley J. Hale ("Hale Decl.") and the exhibits attached thereto, to the extent those exhibits are not filed under seal.

[3] The Documents are attached to the Declaration of Ashley J. Hale in Support of Defendant's Motion for Summary Judgment.

Hon. Arun Subramanian, U.S.D.J.
February 3, 2025
Page **3**

procedure in light of practical considerations, but notes his position that the deposition transcripts as a whole do not warrant filing under seal.

Should the Court determine that additional transcript portions (or full transcripts) should also be on the public docket the Parties respectfully request permission to bring to the Court's attention any issues and to redact those materials in accordance with any instructions the Court provides.

I.     **LEGAL STANDARD**

In support of its requests, BNY states that the following grounds exist.

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of documents. Fed. R. Civ. P. 26(c)(1). In ruling on a motion to seal, the Court must carefully review the competing interests at stake. *United States v. Amodeo*, 71 F.3d 1044, 1047-51 (2d Cir. 1995). The Court must balance the public's interest in access to judicial documents against countervailing interests, including the privacy interests of those resisting disclosure. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The applicable standard has several components. As this Court stated in *Bd. of Trustees of AGMA Health Fund v. Aetna Life Ins. Co.*:

> First, the court must determine whether the documents at issue are 'judicial documents.' Second, the court must assess the weight of the common law presumption of access that attaches to those documents. Third, the court must balance competing considerations against the presumption of access, such as . . . the privacy interests of those resisting disclosure.

No. 24-CV-5168, 2024 WL 4604618, at *1 (S.D.N.Y. Oct. 28, 2024) (internal quotations and citations omitted).

In assessing the weight to be given to privacy interests, the Court should also consider the following: (1) "the degree to which the subject matter is traditionally considered private rather than public," and (2) "[t]he nature and degree of the injury" that will be caused by revealing the information, which may include determining "whether the nature of the materials is such that there is a fair opportunity for the subject to respond to any accusations contained therein." *Amodeo*, 71 F.3d at 1051. As shown below, the privacy interests at issue here are great, the subject matter (an internal company investigation and imposed discipline) is traditionally considered private, and the individuals at issue (as non-parties) will have no opportunity to respond to any accusations about their conduct contained in the documents BNY seeks to redact and/or file under seal.

II.    **THE PARTIES ENTERED, AND THIS COURT ORDERED, A PROTECTIVE ORDER DESIGNED TO PROTECT THE PRIVACY OF CERTAIN NON-PARTY INDIVIDUALS**

Hon. Arun Subramanian, U.S.D.J.
February 3, 2025
Page **4**

On February 1, 2024, the Parties signed and submitted a Protective Order ("Protective Agreement") detailing the terms and conditions governing the disclosure of confidential and private documents. Dkt. No. 29. Under the Protective Order, material designated as "Confidential" includes "sensitive business information (including, without limitation, financial information, internal policies, practices or procedures, and nonpublic information concerning present or former clients or customers of Defendant, personnel files, performance evaluations, salary and compensation information … which would, in the good faith judgment of the Party designating the material as 'CONFIDENTIAL', be detrimental to the conduct of that Party's business, its employees, or the business of any of that Party's customers or clients." *Id.* ¶ 2.

Recognizing that numerous "innocent" non-Parties would be implicated in this lawsuit, which concerns at its core embarrassing conduct (attending strip clubs on work trips, texting lewd messages with male colleagues, and creating an exclusionary atmosphere for female employees), the Parties also agreed that "in any public filing with the Court which refers to a non-party individual by name in connection with details which are subject to confidentiality restrictions, the party filing such information shall refer only to the individual by an anonymous classification which is to be kept in a list maintained by the Parties. The list shall refer to such individuals as 'Employee' with a letter denotation that shall be agreed upon in writing by the Parties, such as 'Employee A,' 'Employee B,' and so on." *Id.* This Court (Judge Failla) approved the Confidentiality Agreement on February 2, 2024. Dkt. No 30. Neither party challenged the confidentiality designations by other Parties (including over the documents at issue in this motion) during the course of discovery. The Parties have worked cooperatively throughout discovery to designate non-Parties with anonymous identifiers where appropriate.

**III.   THE DOCUMENTS SHOULD BE PLACED UNDER SEAL AND/OR REDACTED BECAUSE THEY WOULD UNJUSTLY HARM THOSE CURRENT AND FORMER EMPLOYEES IDENTIFIED WITHIN.**

Between January 29 and February 3, 2025, the Parties met and conferred about documents Defendant intended to file in support of its summary judgment motion. The list in Section I above is the list of documents that BNY requests be filed under seal. Plaintiff has consented to those documents being filed under seal subject to this Court's approval.

The information BNY seeks to seal here concerns non-parties that is in some instances (1) unacceptable and in violation of BNY policies (testimony regarding lewd text messages and attending strip clubs; receiving employer disciplinary action) and (2) in other instances vulnerable and forthcoming (female employees voicing concerns about feeling excluded in the work place). In both instances, these non-parties are entitled to privacy.

Innocent third parties possess a compelling privacy interest in not having their negative or private conduct open and accessible to the public. As the Second Circuit has

Hon. Arun Subramanian, U.S.D.J.
February 3, 2025
Page **5**

recognized, "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Gardner v. Newsday, Inc. (In re Newsday, Inc.)*, 895 F.2d 74, 79–80 (2d Cir. 1990) (quoting *United States v. Biaggi (In re New York Times Co.)*, 828 F.2d 110, 116 (2d Cir. 1987), *cert. denied*, 485 U.S. 977 (1988) (citation omitted)), *cert. denied*, 496 U.S. 931 (1990); *McKoy v. The Trump Corporation*, No. 18 Civ. 9936, 2024 WL 3290160, at *1 (S.D.N.Y. July 2, 2024) (noting that one higher value that can overcome the presumption of public access is "the privacy of 'innocent third parties'"; granting motion to seal based on redactions that were narrowly tailored to preserve the privacy of innocent third parties).

For example, the Second Circuit has noted that "[f]inancial records of a wholly owned business, family affairs, illnesses, **embarrassing conduct with no public ramifications**, **and similar matters** will weigh **more heavily against access** than conduct affecting a substantial portion of the public." *Amodeo*, 71 F.3d at 1051 (emphasis added); *see also McKoy,* 2024 WL 3290160, at *2 ("another consideration that may override the presumption of public access is preserving the privacy of sensitive personal information, including compensation information") *citing Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015); *Edwards v. Khalil*, No. 12 Civ. 8442, 2016 WL 1312149, at *1 (S.D.N.Y. Mar. 31, 2016) ("Many of the documents under seal contain sensitive and personal information about innocent third parties."); *Eckhart v. Fox News Network, LLC*, No. 20-cv-5593, 2024 WL 4931857, at *3 (S.D.N.Y. Dec. 2, 2024) (granting the parties' sealing request as to the names and other identifying information of third-party employees because **their identities is not particularly relevant to the merits of the case**). As this Court has recognized, "[t]here is a recognized interest in protecting third parties from "the unfairness of being stigmatized from sensationalized and potentially out-of-context insinuations of wrongdoing, combined with the inability of these third parties to clear their names at trial." *United States v. Smith*, 985 F. Supp. 2d 506, 526 (S.D.N.Y. 2013).

BNY contends that Plaintiff (1) attended strip clubs with only male colleagues, including several junior and direct reports, while on Bank-paid work trips, and (2) sent and received lewd and inappropriate text messages with only male colleagues, again including several junior and direct reports. Upon learning of these messages, the Bank conducted an investigation, and contends that based on the results of that investigation it terminated Plaintiff's employment. In response, Plaintiff argues, *inter alia*, that a subordinate female employee ("Employee D") should have received more significant discipline for certain conduct in which she engaged, and that the difference supports Plaintiff's claims. Pursuant to a stipulation, the Parties have agreed to refer to the female employee as "Employee D," in part because of sensitive allegations about Employee D regarding her own conduct and allegations of quid pro quo sexual harassment of Employee D by "Employee E."

In support of its motion for summary judgment, BNY will rely upon the testimony of, and about (1) the junior and direct reports who attended strip clubs with Plaintiff, (2) the junior and direct reports who engaged in lewd and inappropriate text messages with Plaintiff, and (3) women who felt excluded by the workplace culture created by Plaintiff.  Further,

Hon. Arun Subramanian, U.S.D.J.
February 3, 2025
Page **6**

BNY will rely upon (1) internal investigation notes regarding interviews of these same individuals, (2) disciplinary records meted out to some of these same individuals for their conduct, and (3) the lewd text messages. None of these individuals is party in this action. Most of the individuals remain currently employed by BNY and/or continue to work in the highly regulated financial services industry.

These Documents should be place under seal, because they contain potentially embarrassing and extremely private information about non-party individuals. Importantly, these individuals have not purposefully availed themselves of this Court as Plaintiff has by filing suit – they did not ask to be brought into this lawsuit or have their conduct or private experiences made public. Disclosing the names of some such individuals, coupled with the information related to their behavior, which in some cases involves conduct that warranted discipline, would unjustly harm those current and former employees, with no benefit to the public. There are other individuals (namely, the female employees) who did not engage in conduct that warranted discipline, but they were extremely brave and forthcoming by being candid in an internal investigation about their workplace experiences, and which they assumed would remain private and confidential. They certainly never expected their thoughts and concerns about their employment and treatment by male colleagues to be publicly filed. As such, in addition to the documents being filed under seal, when these individuals are identified in BNY's 56.1 and briefing, their names should be redacted and replaced with the "Employee X" designations upon which the Parties have agreed. It would do little good to file the underlying deposition transcripts under seal but have the employee's name and conduct public because it is otherwise discussed in the 56.1 statement or briefing.

Moreover, Defendant is not seeking to shield the public from the content of the underlying information. Defendant seeks only to protect the identity of the non-parties involved, and which is not critical to any judicial decision. *Standard Investment Chartered, Inc. v. Financial Industry Regulatory Authority, Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (unpublished summary order) ("'[w]here testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.'"). Thus, opening their individualized conduct and participation in such activities will not provide any benefit to the public.

BNY objects to this information and non-party identities being made public because of the ramifications it poses. BNY takes seriously its obligation to protect the privacy interests of its current and former employees, and public disclosure of information about individuals who are not party to this suit would be an infringement on those rights. Public disclosure would breach their expectation of privacy, as they reasonably believed such information would be held exclusively by BNY, and its disclosure could unfairly expose otherwise sensitive, non-public information about their professional performance to unintended audiences (i.e., a future employer). Public release of this information would subject them to scrutiny they did not invite, and compromise their privacy rights upon which they relied in coming forward during an investigation. *United States v. Amodeo (Amodeo II)*,

Hon. Arun Subramanian, U.S.D.J.
February 3, 2025
Page **7**

71 F.3d 1044, 1048-49 (2d Cir. 1995) (noting that "Unlimited access to every item turned up in the course of litigation would be unthinkable. Reputations would be impaired, personal relationships ruined, and businesses destroyed on the basis of misleading or downright false information."). Should this Court consider denying this request, BNY respectfully requests an opportunity to be heard further, including on the issue of whether there are potential redactions that could be made to the deposition transcripts or documents.

      For the foregoing reasons, BNY respectfully requests that this Court grant its application to place the Documents under seal and redacted, allow the anonymized designation of the non-party individuals, and allow only the cited portions of transcripts to be filed on the docket with full transcripts provided to the Court in camera.

      Respectfully submitted,

      MORGAN, LEWIS & BOCKIUS LLP

      */s/ Christopher A. Parlo*
      Christopher A. Parlo

cc:    Counsel of Record