# PARKER POHL LLP

99 Park Avenue | T 212-202-8886
Suite 1510 | F 646-924-3100
New York, NY 10016 | parkerpohl.com

M. Todd Parker
todd.parker@parkerpohl.com

**Via ECF**                                          February 3, 2025

Honorable Arun Subramanian
United States District Court, SDNY
500 Pearl Street, Courtroom 15A
New York, NY 10007

       Re:    *Milazzo v. Bank of New York Mellon*, Case No. 23-cv-5437

Dear Judge Subramanian:

      We represent Plaintiff Steven Milazzo. We write pursuant to the Court's Individual Practices Rule 11 and Section 8 of the Protective Order (ECF Doc. 30) to respectfully request leave to file under seal certain exhibits in support of Plaintiff's Motion to Dismiss Defendant's Counterclaim, or in the alternative, for Summary Judgment on Defendant's Counterclaim and for Summary Judgment on Defendant's After-Acquired-Evidence Defense (the "Motion"), filed today. Plaintiff also seeks leave to redact from deposition transcripts, its Memorandum in support of the Motion, and its Rule 56.1 Statement (1) certain BNY employee names, using letters to designate such employee agreed upon by counsel for the parties instead, and (2) descriptions of the contents of confidential exhibits.

      The Protective Order requires that any party seeking to file documents designated "Confidential" request leave to file them under seal. (*See* ECF Doc. 30, § 8) On January 29 and 31, 2025, we sought Defendant's counsel consent to file fourteen documents marked Confidential by Defendant on the public docket, as well as deposition transcripts that reference employee names and documents marked Confidential. Defendant's counsel responded by agreeing to the public filing of some of those documents and not others. Accordingly, Plaintiff respectfully requests permission to file the following documents under seal, all of which are attached to the Declaration of M. Todd Parker, dated February 3, 2025:

- Plaintiff's performance reviews (BNYM_000057-97)
- Employee Relations interview notes and talking points (BNYM_001392-1394, BNYM_001411, BNYM_1395-1399, BNYM_1403-1404, BNYM_001343)
- Employee disciplinary records (BNYM_001390-91)
- Legal invoices from Defendant's counsel (BNMY_002535-2580)
- Employee Code of Conduct attestations (BNYM_001458-1469)

      In addition, we reached an agreement with Defendant's counsel regarding redactions of exhibits that will be filed on the docket (including using letters in place of employee names as noted above) and making other redactions to deposition exhibits. We will make corresponding redactions in Plaintiff's Memo of Law, 56.1 Statement, and the Parker Declaration.

**PARKER POHL** LLP

    Accordingly, Plaintiff respectfully requests leave to file the foregoing exhibits under seal and/or in redacted form. In accordance with the Court's Individual Practices Rule 9, Plaintiff will email clean and highlighted copies reflecting redactions to chambers.

    We also note that the Court's Individual Practices requests "a complete electronic, text-searchable copy of any hearing or deposition transcript on which the parties rely, if such a copy is available, unless doing so would be unduly burdensome." Redacting the full deposition transcripts in order to file them on the public docket with redactions would indeed be burdensome. As also explained in Defendant's letter seeking permission to seal and redact certain documents, we are happy to provide the Court with full deposition transcripts for *in camera* review in whatever form the Court requests.

    Thank you for the Court's consideration of this submission.

    Respectfully submitted,

/s/ *M. Todd Parker*
M. Todd Parker

The requests are GRANTED. The parties shall file the cited pages of the deposition transcripts with appropriate redactions on the docket and shall email the Court a link to the full transcripts.

The Clerk of Court is directed to terminate the motion at Dkt. 132.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: February 4, 2025

2