# Morgan Lewis

**Christopher A. Parlo**
Partner
+1.212.309.6062
christopher.parlo@morganlewis.com

February 7, 2025

**VIA ECF**

Hon. Arun Subramanian
United States District Court,
Southern District of New York
500 Pearl St., New York, NY 10007

> The hearing is adjourned to March 12 at 1 pm. The Clerk of Court is directed to terminate the motion at Dkt. 142.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Dated: February 11, 2025

Re: *Steven Milazzo. v. Bank of New York Mellon Corporation*, 1:23-cv-05437-AS

Judge Subramanian:

We represent Defendant Bank of New York Mellon Corporation ("Defendant" or "BNY") in the above-referenced matter. We write, with the consent of counsel for Plaintiff Steven Milazzo ("Plaintiff"), to respectfully request a brief adjournment of the hearing on the parties' motions for summary judgment, currently scheduled for March 11, 2025, at 3:00 p.m. On the morning of March 11, I, as lead counsel for Defendant, have a pre-existing commitment I can't move or insert a substitute. Specifically, I am the sole faculty member/ presenter at a session of a conference for the National Employment Law Institute in Fort Lauderdale, Florida from 8:30 to 10:15. *See* Conference Agenda, Attachment A.

The parties have conferred and are available March 12, 18, and 19, if any of those dates is available for the Court. If the time could be moved later on the 11th I could also try to arrange a flight, but subject to the risks of winter travel that day.

We thank the Court in advance for its consideration of this request.

Respectfully submitted,

*/s/ Christopher Parlo*
Christopher Parlo

c:     All counsel of record (via ECF)

**Morgan, Lewis & Bockius** LLP

101 Park Avenue
New York, NY  10178-0060          ☎ +1.212.309.6000
United States                                    📠 +1.212.309.6001

# ATTACHMENT A

# ATTACHMENT A

# EMPLOYMENT LAW BRIEFING

Conrad Fort Lauderdale Beach, Fort Lauderdale, FL

March 9-12, 2025

**\*AGENDA SUBJECT TO CHANGE**

| | Sunday, March 9 | |
|---|---|---|

| 2:30-3:00pm | Briefing Check-In and Refreshments | |
| 3:00-4:15pm | ADA Update Part 1: Determining "Qualified" | **David Fram** - NELI |

Critical lessons from recent court decisions for lawyers and human resources on analyzing whether an individual is qualified for a job, including the pieces of evidence courts are currently using in determining what is "essential," the importance of accurate job descriptions, whether certain things like regular attendance, handling job stress, getting along with co-workers, and lifting are considered "essential," the danger of inaccurate or inflated performance reviews, and how to analyze doctors' notes, including inconsistent notes.

| 4:15-4:30pm | Break | |
| 4:30-6:15pm | Retaliation and Whistleblowing Claims | **Greg Keating** – Epstein, Becker & Green |

Coverage of the continued surge in these claims, including "protected activity," expanded concept of "adverse action," negating the inference of "causation," third party retaliation, retaliatory harassment, and "unreasonable opposition," analysis of recent stepped up regulatory enforcement by the Securities and Exchange Commission and the Department of Justice, discussion of whistleblower claims, including expanded rights and remedies of the would-be whistleblower, and best practices to help avoid and/or minimize liability, especially now.

| 6:15-8:00pm | Welcoming Reception Hosted by NELI | |

| | Monday, March 10 | |
|---|---|---|

| 8:00-8:30am | Continental Breakfast | |
| 8:30-10:30am | Ethics in Labor and Employment Law | **Dennis Duffy** – Kane Russell Coleman Logan |

Annual update on cutting edge ethics issues, including conflicts of interest, attorney-client privilege and waiver, ex parte access to current and former managers and employees, pretrial investigations, employee confidential communications using employer-provided computers and email, in-house counsel ethical issues, improper acquisition and inadvertent disclosure of information and documents, access to social media information, use of artificial intelligence and other cutting edge technologies, settlement and negotiations, and court enforcement of professionalism and civility codes.

| 10:30-10:45am | Refreshment Break | |
| 10:45-12:15pm | FMLA Compliance and Best Practices | **Ellen McLaughlin** - Seyfarth |

What's going on at the DOL, how the FMLA intersects with the Pregnant Workers Fairness Act, thorny issues when leave is to care for a family member, effectively using the medical certification process, critical employer and employee notice issues, how FMLA leave affects the measurement of performance goals and other practical issues, training supervisors on what not to say, what to do when you suspect fraudulent use of leave and curbing intermittent leave abuse.

| | Tuesday, March 11 | |
|---|---|---|

| 8:00-8:30am | Continental Breakfast | |
| 8:30-10:15am | Wage and Hour & Misclassification Issues | **Chris Parlo** – Morgan Lewis |

Status of DOL independent contractor test under the Biden administration and new developments involving independent contractors and other contingent and uncovered workers, the DOL's new proposed modifications to the salary basis threshold, new exemption and misclassification decisions, remote work and compensable time challenges in our increasingly technology-centered workplace, especially post COVID-19. Expanding joint employer theories and cases, actual or constructive knowledge of time worked, and the explosion of new state law rules and causes of action will also be covered.

| 10:15-10:30am | Refreshment Break | |
| 10:30-12:15pm | NLRB Update | **Steve Suflas** – Holland & Hart |

Biden appointees and the agency's General Counsel embarked on an extraordinarily aggressive agenda for change at the National Labor Relations Board. With new rule-making and the *Cemex* opinion, the Board has reshaped the substantive law governing organizing campaigns. A wholesale return to – and expansion of - the opinions and policies of the Obama-era Board is almost complete, affecting both union and non-union workplaces.  BUT, recent SCOTUS opinions, a more conservative federal judiciary, and the presidential election also will impact the Board's efforts.  All of these important developments will be reviewed and analyzed.

| | Wednesday, March 12 | |
|---|---|---|

| 8:00-8:30am | Continental Breakfast | |
| 8:30-10:15am | ADA Update Part 2: "Reasonable Accommodation" | **David Fram** - NELI |

Latest developments from the EEOC and federal courts on fast-breaking reasonable accommodation issues and the importance of training first-line supervisors on what to listen for as possible triggers to the interactive process, what supervisors and HR personnel should be trained to say and document in response to employee requests, practical developments on the meaning of the term "reasonable," particular accommodation questions, such as work-at-home, whether/how much "leave" (including a repeated leave extension) is required, how this interplays with the FMLA, whether reduced workloads, non-competitive reassignment, an "irritant-free" environment, shift changes, supervisor changes, or reserved parking spaces are required, whether discipline must be rescinded as an accommodation, and where the funds for accommodations should come from.

| 10:15-10:30am | Refreshment Break | |
| 10:30-12:15pm | Harassment and Investigations | **Jennifer Cluverius** – Maynard Nexsen |

Update on judicial and EEOC developments including what constitutes severe and pervasive conduct, same sex harassment, when and how to establish an affirmative defense, and actions employers should implement to reduce exposure to liability, including preventative strategies, beyond basic harassment training and updating policies, to diagnose and proactively manage workplace culture issues, promote an environment that values respect, and fosters open communication important to creating a culture of compliance and mutual respect. Also, the additional legal requirements in harassment investigations, including selecting the right investigator, defining the scope, distinguishing between fact finding and findings of policy and law, balancing confidentiality and the duty to investigate, ensuring prompt thorough investigations, establishing and preserving privilege, investigating misconduct with criminal implications and/or in the absence of a cooperative complainant, and the unique challenge of conducting "remote" investigations.