UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN MILAZZO,

       Plaintiff,

   -against-           23-cv-5437 (AS)

BANK OF NEW YORK MELLON     ORDER
CORPORATION,

       Defendant.

ARUN SUBRAMANIAN, United States District Judge:

  By **August 8, 2025**, the parties shall each submit a letter of no longer than **3 pages single-spaced**, providing the answers to the following questions:

a. To BNY: What cause of action is its counterclaim: breach of contract, declaratory judgment, something else entirely? What is the factual basis for each element of that claim? Based on the category, what is the best case for the availability of that relief?

b. To BNY: On Milazzo's breach of contract claim, which prong of the definition of "Cause" did Milazzo's claim fall under, and on what factual basis?

c. To BNY: Is it BNY's position that it could forfeit an employee's RSUs, or claw them back, for no reason at all, or even a discriminatory one, based on the language of the agreement and its argument that there is no limit to its discretion? Doesn't public policy limit what BNY can do under its contracts?

d. To Milazzo: Can BNY be held liable for unlawful retaliation for its efforts to seek repayment for the vested RSUs? If so, what is the best case for this kind of post-termination conduct being grounds for a finding of retaliation?

e. To Milazzo: What is the best case for application of a "cat's paw" theory in a case of this kind?

f. To Milazzo: Has any court held that an employee-benefit plan like the RSU agreements is unconscionable?

g. To both parties: BNY cites to *Moran v. Elk*, 11 N.Y.3d 452 (N.Y. 2008) and its progeny to say that there is no implied covenant of good faith and fair dealing in the context of the RSU agreements and that BNY has absolute discretion. But the Court of Appeals in *Cordero v. Transamerica*, 39 N.Y.3d 399 (N.Y. 2023) reaffirmed the implied covenant even where discretion is vested in a party, and

*Moran* was decided on the facts of the contract and the parties in that case. What is the best case, on the language of the agreements at issue, indicating that BNY either has or lacks "sole and absolute" discretion.

**The parties' principal decisionmakers shall attend the August 12, 2025 hearing.** The parties should be prepared to discuss the settlement of this case (assuming neither side objects).

SO ORDERED.

Dated: August 1, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge

2