**Morgan Lewis**

**Elisa C. Egonu**
Associate
+1.212.309.6062
elisa.egonu@morganlewis.com

September 20, 2025

**VIA ECF**
Hon. Arun Subramanian
United States District Court,
Southern District of New York
500 Pearl St., New York, NY 10007

Re:   *Steven Milazzo v. Bank of New York Mellon Corporation*, **1:23-cv-05437-AS**

> The parties' request to adjourn trial is GRANTED. Trial will commence on **Monday, November 17, 2025, at 9:00 AM** in Courtroom 15A of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007. It is FURTHER ORDERED that the final pretrial conference is re-scheduled for **Monday, November 10, 2025, at 2:00 PM** in Courtroom 15A.
>
> The Clerk of Court is directed to terminate the motion at Dkt. 214.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Date: September 22, 2025

Dear Judge Subramanian:

We represent Defendant Bank of New York Mellon Corporation ("Defendant" or "BNY") in the above-referenced matter. We write jointly with counsel for Plaintiff Steven Milazzo ("Plaintiff") and pursuant to Rule 3.E of Your Honor's Individual Practices in Civil Cases to request an adjournment of the trial now scheduled for October 14, 2025 (Dkt. 209), or for the other relief as explained by the parties below. This is the parties' first request to adjourn the newly set trial date. The parties are next scheduled to appear before the Court on October 7, 2025, and remaining pretrial documents are due to be submitted by September 22, 2025 and September 24, 2025.

In support of this request, Defendant notes that after the original trial date from May 2025 had to be adjusted for another trial before this Court, the parties worked diligently to have the witnesses on both sides available to start trial October 6. Then, based on the previously scheduled October 6 trial date and the anticipated five days of trial, numerous critically important witnesses arranged for other obligations the week of October 13 after the trial would have ended. To that end, multiple witnesses (6 in total), including three or four that both Plaintiff and BNY intend to call during their cases in chief, are unavailable for trial the week of October 13, including Adam Vos, the decisionmaker with respect to the end of Mr. Milazzo's employment. The reasons for the unavailability include long-planned international travel and travel outside of New York state, out of state board meetings, and other commitments.

The parties have contacted the case's anticipated witnesses and confirmed their availability for the weeks of November 17-21 and December 15-19 (Plaintiff's expert is unavailable this week, but could testify on Monday December 22 and one other witness might need to testify remotely).[1] If those weeks are not available to the Court Defendant also requested that the

---

[1] To our knowledge, the witnesses are also available the week of 1/5 - 1/9 2026, but Plaintiff's counsel has a conflict that week.

Morgan, Lewis & Bockius LLP

101 Park Avenue
New York, NY 10178-0060
United States
+1.212.309.6000
+1.212.309.6001

September 20, 2025
Page 2

witnesses provide a list of any dates that they have other immoveable commitments for the rest of the year. These dates that witnesses are unavailable include October 24, November 3-14, and December 24-31.

If the trial cannot be moved to an alternative date, fully understanding that the Court now has a conflict, Defendant respectfully requests that the trial begin as previously scheduled for the week of October 6 in any portion of that week that is available. The witnesses available that week, but not the week of October 13th, which would include Mr. Vos, could go first, and any witnesses (including experts) who could testify the week of the 13th could do so then.

Plaintiff notes that the three witnesses Plaintiff has spoken to (Plaintiff, Mr. Spirgel, and Plaintiff's expert) have been informed that the trial is not proceeding on October 6 and are available for the rescheduled trial date of October 14. Plaintiff would like this trial to proceed as soon as possible, but moving the trial back to the week of October 6 now would be unfair to these witnesses who have rearranged their schedules to accommodate October 14. In addition to the Court's previously identified conflict the week of October 6, moving the trial back to portions of that week is likely to disrupt the presentation of Plaintiff's case in chief. That said, Mr. Milazzo would like this trial to proceed as soon as possible and respectfully asks the Court to reschedule the trial to the week of November 17-21 if the Court's schedule permits.

The parties also note that moving the trial may allow for some of the myriad pretrial motions to be decided well in advance of trial, which would clarify the scope of trial and could lead to renewed settlement discussions. The parties would welcome a telephone or in-person conference to facilitate prompt rescheduling of the trial if that would be helpful to the Court.

We thank the Court in advance for its consideration of these requests.

Respectfully submitted,

*/s/ Elisa Egonu*
Elisa Egonu

c:      All counsel of record (via ECF)